**BENJAMIN D. BOYD, OSB No. 105854**
**D. ZACHARY HOSTETTER, OSB No. 100541**
**D. RAHN HOSTETTER, OSB #782477**
office@hostetterlawgroup.com
HOSTETTER LAW GROUP, LLP
Attorneys at Law
203 E. Main St., Suite 2/P. O. Box 400
Enterprise, OR 97828
Tel:  (541) 426-4584
Fax: (541) 426-3281
Of Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PENDLETON DIVISION

| | |
|---|---|
| DEBORAH KENNON and JOHNNY KENNON,<br><br>               Plaintiffs,<br><br>   vs.<br><br>CITY OF UNION, a municipal corporation and political subdivision of the State of Oregon,<br><br>               Defendant. | CASE NO.<br><br>**COMPLAINT** (Violation of Takings Clause of U.S. Constitution; 42 U.S.C. § 1983 Violations; Violation of Takings Clause of Constitution of Oregon; Statutory Claim under ORS 197.796; Declaratory Judgment)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Deborah Kennon and Johnny Kennon file this Complaint against Defendant City of Union, allege as follows:

**I. PARTIES**

1.      Plaintiffs Johnny Kennon and Deborah Kennon are now, and at all times relevant herein, were residents of Union County, Oregon (hereinafter "the Kennons").

2.Defendant City of Union is a municipal corporation and a political subdivision of the State of Oregon (hereinafter "Defendant" or "the City").

## II. JURISDICTION AND VENUE

3.This Court has jurisdiction over this subject matter pursuant to 28 U.S.C.A. § 1331, 42 U.S.C.A. §1343 (a)(3), and 28 U.S.C.A. § 1367.

4.Venue is proper pursuant to 28 U.S.C.A. § 1391(b)(1) because a substantial part of the events, acts and/or omissions giving rise to the Kennons' claims occurred in this district, 28 U.S.C.A. § 1391(b)(2).

5.The Pendleton Division of this Court is the proper division because a substantial part of the events, acts, and/or omissions giving rise to the Kennons' claims occurred in Union County, Oregon.

## III. COMMON ALLEGATIONS

6.The Kennons are the owners of certain real property identified as 04S40E18CB, Tax Lot 806 located in City of Union, Oregon consisting of 1.565 acres (hereinafter "the Property" or "the Kennons' Property").

7.On or about January 16, 2020, the Kennons applied to partition the Property from a parent parcel owned by the Kennons.

8.On or about April 13, 2020, the City held a hearing in which it approved the Kennons' application to partition the Property from the parent parcel. The City also vacated a portion of Fir Street to facilitate the construction of what would become a city street designated as Kennon Court.

9. On September 17, 2020, Kennons dedicated Kennon Court to the City by recording a Deed of Dedication. The City accepted the dedication of Kennon Court as a City street.

10. On September 19, 2020, with approval of the City and of Union County, Oregon, Partition Plat No. 2020-0009 was recorded in the Official Records of Union County (Plat Cabinet No. E 498-E499E500, Microfilm No. 2020-3112).

11. The City acknowledged Kennon Court as a dedicated right-of-way in Partition Plat No. 2020-0009.

12. On August 17, 2023, the Kennons applied to the City for a minor partition of what was shown on Partition Plat No. 2020-0009 as "Parcel 2". The Kennons' application was designated MNP 23-02.

13. On October 18, 2023, the City of Union Planning Commission approved the Kennons' application for MNP 23-02 in a Planning Commission meeting. There was and is no written decision adopted by the Planning Commission.

14. On October 31, 2023, a letter was sent to the Kennons from Roberta Vanderhall, Interim City Administrator for the City, advising Kennons of the Planning Commission's decision (hereinafter the "Vanderhall Letter").

15. The Vanderhall Letter advised that the City's approval of the Kennons' application was conditioned on, among other things, the following:

> "Prior to the development of any lots within the partition, the road shall be completed to City of Union public works standards with the required infrastructure beneath.
>
>     a. 3- lift chip seal
>           I.    2-3/4" lifts

        ii.       1-1/2" lift"

(Hereinafter "Condition Four".)

16.    The Vanderhall Letter is the sole source of any reference by the City to Condition Four. There is no decision document of either the Planning Commission or the City Council that sets out what are the terms of Condition Four, or of any other conditions of approval.

17.    On November 8, 2023, the Kennons appealed the Vanderhall Letter and its reference to "Condition Four" to the City Council. The Kennons asserted that the City's applicable roadway standards for Kennon Court required 2" of crushed gravel as the overlay material.

18.    The Kennons also contended there was no legal or factual basis for the City to require as a condition of approval for the Kennons' application that the Kennons pay to improve what was (and is) a city street in the City's road inventory, to standards that exceeded the City's road standards and where the City conceded that the Kennons had complied fully with the City's ordinance requirements.

19.    On March 11, 2024, the City Council issued its decision on the Kennons' appeal in an order titled Order 2024-01. The City Council affirmed the Planning Commission's imposition of Condition Four asserting, among other things, that the City had the authority to impose Condition Four because the condition is "reasonably related to the mitigation or remediation of the impacts that may result from approval". But nowhere did the City explain what those impacts might be. The City merely found that impacts "may result". The City's decision failed to set out or recite what were the terms of Condition Four, nor did the City explain what "road or portion of road" plaintiffs were required to "complete".

20. The Kennons appealed the City's decision to the Oregon Land Use Board of Appeals ("LUBA"). LUBA remanded the City's decision. LUBA opined that the City had "made no findings explaining the nexus between the chip seal condition of approval and the government interest". LUBA also ruled that the City's findings do not "explain why the chip seal cost is roughly proportional to the impacts associated with the additional parcels that would be created by approval of the partition."

21. On October 24, 2024, the City Council held a hearing after the remand from LUBA. On November 21, 2024, the City adopted its decision on remand. The City concluded:

> "[The Kennons'] Appeal is denied and the decision of the Planning Commission to impose Condition Four as a condition of approval of Minor Partition Plat 2023-02 is affirmed."

22. The City Council's decision references "Condition Four" but fails to state or recite what is the language of "Condition Four", stating only that "the decision of the Planning Commission to impose Condition Four...is affirmed". But there is no decision of the Planning Commission in which the language of "Condition Four" can be found. There is only the Vanderhall Letter signed two weeks after the Planning Commission held its hearing in 2023. The Vanderhall Letter purports to impose four conditions of approval, but cites to no written decision of the Planning Condition, neither is there a copy of any such decision to be found.

23. The City has refused the Kennons' requests that the City sign the final plat of the proposed partition. The City will not do so unless and until Condition Four is satisfied. The Kennons do not know what Condition Four requires of them with respect to what road or portion of road must be "completed", what "completed" means, or who must "complete the road—the

Kennons or the City? Will the City complete the road upon payment by the Kennons to the City for construction costs or must plaintiffs complete the road themselves? If the latter, are the Kennons authorized by the City to initiate and complete work on the road, which is a City street? What permits will be required of the Kennons by the City in order to complete the road?

24.     As a direct and proximate result of the City's imposition of Condition Four as alleged herein, the Kennons lost a pending sale of one of those residential lots for the purchase price of $105,000.00. The fair market value of the three approved lots as of October 2023 was $85,000.00, $85,000.00 and $105,000.00, respectively. The fair market value of the property is diminished by the City's unconstitutional exaction in the amount of $100,000.00.

## IV.     PLAINTIFF'S CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF - VIOLATION OF TAKINGS CLAUSE OF FIFTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES**

25.     The Kennons reallege paragraphs 1 through 24 and incorporate them herein.

26.     The Fifth Amendment to the Constitution of the United States, made applicable to the States through the Fourteenth Amendment of the Constitution of the United States, prohibits the taking of private property for public use, without just compensation in the "Takings Clause" (hereinafter the "Takings Clause").

27.     The City is a political subdivision of the State of Oregon and therefore a state actor for the purposes of the Takings Clause. The actions of the City as described herein, resulted in an unconstitutional taking of the Kennons' property without just compensation, for public use.

28. As a direct and proximate result of the City's actions, the Kennons have been injured in the amount of $100,000.00, which is the value of the property unjustly taken from the Kennons.

**SECOND CLAIM FOR RELIEF - VIOLATION OF 42 USCA § 1983.**

29. The Kennons reallege paragraphs 1 through 28 and incorporate them herein.

30. The Takings Clause prohibits the taking of private property for public use without the payment of just compensation. Through the Fourteenth Amendment, the requirements of the Fifth Amendment, including the Takings Clause, Due Process and Just Compensation Clauses, apply to the State of Oregon and its municipalities, including the City.

31. Federal law, 42 U.S.C.A. § 1983, provides that any person acting under color of statute, ordinance, regulation, custom or usage of any State who deprives any other person of rights secured by the Constitution of the United States shall be liable to the injured party in an action at law or other proceeding for redress.

32. For the reasons stated above, the City's imposition of Condition Four, and the resulting diminution in the value of the Property, constitutes a taking of the Kennons' Property.

33. The actions and inactions of the City, under color of statute, ordinance, regulation, custom or usage, subjected the Kennons to the deprivation of rights secured by the Constitution of the United States.

34. As a direct and proximate result of the City's actions and inactions, the Kennons have been injured in the amount of $100,000.00, which is the value of the property unjustly taken from the Kennons.

/////

**THIRD CLAIM FOR RELIEF - DAMAGES FOR UNCONSTITUTIONAL CONDITION OF APPROVAL UNDER ORS 197.796**

35. The Kennons reallege paragraphs 1 through 34 and incorporate them herein.

36. ORS 197.796(4) provides that "[i]n any challenge to a condition of approval that is subject to the Takings Clause of the Fifth Amendment to the United States Constitution, the local government shall have the burden of demonstrating compliance with the constitutional requirements for imposing the condition."

37. The findings, decision, and order of the City to impose "Condition Four" are arbitrary and capricious, and utterly without support in fact, law or equity.

38. Condition Four is an impermissible, unconstitutional exaction for the following reasons: (a) There is no public need for Condition Four; (b) There is virtually no impact on public infrastructure and services as a result of the proposed development of the subject property; (c) There is no nexus between Condition Four and the interests that would have allowed the City to deny the Kennons' application for MNP 23-02, especially where the City conceded that the Kennons complied fully with the City's ordinance requirements; and (d) the exaction is not roughly proportional to the proposed development.

39. The City's imposition of Condition Four is an unconstitutional taking of land and, as such is impermissible under the "Takings Clause" of the U.S. Constitution.

40. The City has taken the Kennons' property unjustly and without just compensation, and failed to meet the constitutional requirements for the same as mandated by ORS 197.796.

41. As a direct and proximate result of the City's actions and inactions, the Kennons have been injured in the amount of $100,000.00, which is the value of the property unjustly taken from the Kennons.

**FOURTH CLAIM FOR RELIEF - VIOLATION OF ARTICLE 1, § 18 OF THE CONSTITUTION OF OREGON**

42. The Kennons reallege paragraphs 1 through 41 and incorporate them herein.

43. The Constitution of Oregon states, in pertinent part, that "[p]rivate property shall not be taken for public use...without just compensation..." Or. Const., Art 1, § 18.

44. The City has taken the Kennons' private property for public use without just compensation, in violation of the Constitution of Oregon.

45. As a direct and proximate result of the City's actions and inactions, the Kennons have been injured in the amount of $100,000.00, which is the value of the property unjustly taken from the Kennons.

**FIFTH CLAIM FOR RELIEF - DECLARATORY JUDGMENT UNDER 28 U.S.C.A. § 2201**

46. The Kennons reallege paragraphs 1 through 45 and incorporate them herein.

47. This cause of action for declaratory relief pursuant to 28 U.S.C.A. § 2201 seeks judicial review and a determination that the City's imposition of Condition Four constitutes an unconstitutional taking of the Kennons' Property.

48. The Fifth Amendment to the Constitution of the United States and Article I, § 18 of the Constitution of Oregon prohibit the taking of private property for public use without just compensation.

49. The Kennons' Property is private property.

50. The City's imposition of Condition Four is an unconstitutional condition and effects a taking of private property for public use without just compensation.

51. There is a real, immediate, substantial and continuing controversy between the Kennons and the City requiring the Court's determination whether under the Fifth Amendment to the Constitution of the United States and Article I, § 18 of the Constitution of Oregon, and the facts and circumstances of this case, the City's imposition of Condition Four constitutes an unconstitutional condition and effects an unconstitutional taking of the Kennons' Property.

## V.  ATTORNEY FEES AND COSTS

52. The Kennons are entitled to their attorney fees under 42 U.S.C.A. § 1988 in this action to enforce the provisions of 42 U.S.C.A § 1983.

53. The Kennons are entitled to their attorney fees and costs under ORS 197.796(5).

## VII. JURY DEMAND

54. The Kennons hereby demand a jury trial on all claims and defenses to which the constitutional right to jury trial attaches.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Deborah Kennon and Johnny Kennon pray the Court for judgment as follows:

1. On the First and Second Claim for Relief, for judgment against Defendant in the amount of $100,000.00.

      2.      On the Third and Fourth Claims for Relief, for judgment against Defendant in the amount of $100,000.00.

      3.      On the Fifth Claim for Relief, declaring and adjudging that the City's imposition of Condition Four violate the Kennons' rights under the Fifth Amendment to the Constitution of the United States and Article I, § 18 of the Constitution of Oregon.

      4.      On all claims for relief, for reasonable attorney fees, costs and disbursements pursuant to 42 U.S.C.A. § 1988 and ORS 197.697(5).

      5.      For such other relief as this Court may deem reasonable and equitable in the premises.

Dated this 15th day of May, 2025.

> Respectfully submitted,
>
> By: /s/ Benjamin D. Boyd
> HOSTETTER LAW GROUP, LLP
> Benjamin D. Boyd, OSB No. 105854
> D. Zachary Hostetter, OSB No. 100541
> D. Rahn Hostetter, OSB #782477
> office@hostetterlawgroup.com
> (541) 426-4584
> Of Attorneys for Plaintiffs